IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NATHAN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 316-030 |
| | ) (Formerly CR 309-009) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathan Smith filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner succeeded in state court at having vacated an aggravated assault conviction that had been used to enhance his federal sentence, and he now seeks to be re-sentenced without the enhancement. The government concedes Petitioner is entitled to be re-sentenced. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED,** Petitioner be appointed counsel for the purpose of re-sentencing, and this civil action be **CLOSED**.

### I. BACKGROUND

On April 9, 2009, a federal grand jury indicted Petitioner on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). United States v. Smith, CR 309-009, doc. no. 1 (S.D. Ga. Apr. 9, 2009) (hereinafter "CR 309-009"). On July 7, 2009, a federal grand jury returned a superseding indictment and therein indicted Petitioner on the same count of bank

robbery and added a second count for interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2313. Id., doc. no. 27. Petitioner elected to proceed *pro se* at his jury trial, with attorney Matthew Waters serving as stand-by counsel. Id., doc. nos. 46, 47, 80, 122.

The jury convicted Petitioner on both counts brought against him. Id., doc. no. 61. The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-two, Criminal History Category at VI, and Guidelines imprisonment range at 210 to 262 months. PSI ¶¶ 35, 60, 95. Because Petitioner had two prior convictions for crimes of violence and his federal conviction included a crime of violence, he was a career offender pursuant to U.S.S.G. § §4B1.1, and both his Total Offense Level and Criminal History Category were raised as a result. PSI ¶¶ 33, 54, 55, 59, 60.

On February 19, 2010, United States District Judge J. Randal Hall imposed a total sentence of 262 months of imprisonment, a total special assessment of $200, and a total term of three years of supervised release. CR 309-009, doc. no. 106. The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences. Id., doc. no. 140. The Court denied Petitioner's first § 2255 motion on April 24, 2013. Id., doc. nos. 160, 163-64.

Even before Judge Hall imposed sentence, Petitioner had filed a motion to withdraw his guilty plea to the two offenses in the Atlantic County Superior Court in New Jersey that had been used against him in the federal proceedings to enhance his sentence as a career offender. (Doc. no. 1-1, Exs. AA, BB; PSI ¶¶ 54, 55.) The New Jersey court permitted Petitioner to withdraw his guilty plea as to the aggravated assault offense and vacated his conviction, leaving only the conviction on the terroristic threats charge. (Doc. no. 1-1, Exs.

B, D.) Thus, Petitioner has only one prior violent felony conviction for terroristic threats, negating his status as a career offender under the Guidelines calculation employed in his PSI. See U.S.S.G. § 4B1.1(a)(3) (requiring "at least two prior felony convictions of either a crime of violence or a controlled substance offense"); PSI ¶ 33.

On April 13, 2016, Petitioner signed his numerically-second § 2255 motion, and it was filed by the Clerk of this Court on May 11, 2016. (Doc. no. 1.) Petitioner requests to be resentenced based on the vacatur of one his predicate state convictions used to enhance his federal sentence. The government concedes the current § 2255 motion should be granted, and Petitioner should be resentenced. (Doc. no. 4.)

## II. DISCUSSION

A § 2255 petitioner is prohibited from filing a "second or successive" motion without obtaining permission from the appropriate circuit court prior to filing in district court. See 28 U.S.C. §§ 2255 and 2244. Specifically, § 2244 provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)). In this case, however, Petitioner's numerically second § 2255 motion is not second or successive as contemplated by the statutes.

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not

3

yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. Here, as in that case, the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating the predicate state convictions used to enhance the federal sentence, and therefore the claim Petitioner now raises is part of a small subset of claims not considered second or successive. See id. (citing Leal Garcia, 573 F.3d at 221, 222).

Likewise, Petitioner's motion is timely. Under § 2255(f)(4), Petitioner had one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. That one-year clock begins to run when a petitioner "receives notice of the order vacating the predicate conviction." Johnson v. United States, 544 U.S. 295, 308 (2005). Here, Petitioner received notice of the vacatur of the Atlantic County aggravated assault conviction in February or March of 2016. (Doc. no. 1-1, Exs. B, D.) His current § 2255 motion was filed in this Court by May of 2016. Respondent also correctly concedes Petitioner was diligent in his attempts to challenge his prior conviction, as his efforts began even before his federal sentence was imposed. See Johnson, 544 U.S. at 307-10 (describing diligence requirement of § 2255(f)(4)).

Having determined Petitioner has satisfied the procedural requirements for proceeding with his motion, the Court concludes the § 2255 motion should be granted. As succinctly summarized by Respondent:

> "[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson, 544 U.S. at 303 (in context of career-offender enhancement, citing Custis v. United

4

> States, 511 U.S. 485 (1994), and Daniels v. United States, 532 U.S. 374 (2001)). "[A] defendant who successfully attack[s] his state conviction in state court . . . [can] then 'apply for reopening of any federal sentence enhanced by the state sentences.'" Johnson, 544 U.S. at 303. Here, [Petitioner's] career-offender status at his federal sentencing greatly amplified the advisory Guidelines range under which he was sentenced.

(Doc. no. 4, pp. 4-5.) Thus, Petitioner should be re-sentenced without the enhancement based on the now-vacated aggravated assault conviction.

The Court also recognizes Petitioner prematurely requested appointment of counsel at the time he filed his § 2255 motion. Because the Court is recommending that Petitioner be re-sentenced, the Court also recommends that an attorney be appointed to represent Petitioner in the new sentencing proceedings.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **GRANTED,** Petitioner be appointed counsel for the purpose of re-sentencing, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA